[No. 29100. Department One. November 4, 1943.]

WASHINGTON MACHINERY & SUPPLY COMPANY, *Respondent,* v. HELLEN ZUCKER *et al., Defendants,* W. A. DAVIDSON *et al., Appellants.*[1]

---

[1]Reported in 143 P. (2d) 294.

*Funkhouser & Twohy* and *Marcus R. Morton,* for appellants.

*Davis, Heil & Davis* and *Norman F. Trezona,* for respondent.

GRADY, J.—Sometime prior to December 6, 1941, Hellen Zucker contracted with the Washington Machinery & Supply Company to construct for her a mercury oven and to furnish the necessary equipment therefor, the purchase price to be the cost plus the regular profit of the manufacturer. On that date, she and others executed and delivered to the machinery and supply company the following guaranty:

"We, the undersigned, each having a fixed percentage interest in the profits that may be made in the operation of certain cinnabar mining properties located in Washington County, Idaho, near Weiser, Idaho, owned by Mrs. Hellen M. Zucker of Spokane, Washington, and being operated as the Hellen Zucker Mines, do hereby agree that if you will build the mercury oven and provide the necessary equipment as designed by Z. T. Parker of Spokane, Washington, for reducing cinnabar ore and recovering mercury therefrom and Mrs. Hellen M. Zucker fails to pay for said oven and equipment within thirty days after the oven has been completed, we each agree to pay to you an amount equal to the percentage of the total unpaid cost of the oven and equipment as set opposite our names; but it is expressly understood by each of us and you that each person who signs his name hereto agrees to pay only the amount equal to the percentage of the unpaid costs set opposite the name of the signer, and no person signing this letter is to be re-

sponsible for any amount other than the percentage opposite his own name or by the percentage of any other person.

"Sincerely yours,

| "Name of Signer | Percentage |
|---|---|
| Hellen Zucker | 100% |
| C. W. Fike | 20" |
| W. A. Davidson | 20" |
| Mrs. Bernard Johnsen | 20" |
| S. A. Wylie | 20" |
| Will W. Simpson | 20" |
| Will W. Simpson | 10" |
| S. A. Wylie | 10%" |

When the guaranty was received by the Washington Machinery & Supply Company, it proceeded to manufacture the oven and to furnish the necessary equipment. It developed that the cost and profit, together with sales tax, totaled $4,179.40. Mrs. Zucker was invoiced in this amount on February 26, 1942, and subsequently paid $200. After delivery of the oven, additional equipment, in the amount of $56.87, was furnished at the request of Mrs. Zucker, making a total unpaid balance due plaintiff of $4,036.27. No further payments having been made, suit was brought by plaintiff against all the persons who signed the guaranty. A trial was had before the court, and resulted in a judgment against the defendants in the following amounts:

| | |
|---|---|
| Hellen Zucker | $4,223.27 |
| C. W. Fike | 844.65 |
| W. A. Davidson | 844.65 |
| Mrs. Bernard Johnsen | 844.65 |
| S. A. Wylie | 1,266.98 |
| Will W. Simpson | 1,266.98 |

The judgment as to each defendant awarded costs and interest at six per cent per annum from its date. All of the defendants except Hellen Zucker and C. W. Fike appeal.

We agree with the appellants that the same rules of construction apply to a guaranty as in the case of other contracts. The contract we have before us is not ambiguous, and the intention of the parties can readily be gathered from its terms. If we understand the appellants correctly,

their claims of error made under their first three assignments are that the contract is not enforcible against them because it is uncertain in that, when it was executed, it specified no fixed, definite, or determinable amount of money for the payment of which they obligated themselves. They claim also that the contract is not enforcible for the reason that they agreed to become responsible for a certain percentage of a then unknown quantity, thus their maximum liability had no limitation, and the whole arrangement was irreconcilable with the provisions of the contract that no guarantor should be responsible for the percentage of any other guarantor.

Complaint is further made that, as the judgment against all of the guarantors exceeds that entered against Hellen Zucker, the principal, in the sum of $844.64, two somewhat unusual situations are presented. One that, as contribution is not available to any guarantor who might be required to pay more than another in a lesser percentage class because of the provision that "no person signing this letter is to be responsible for any amount other than the percentage opposite his own name or for the percentage of any other person," the signer would thus become a guarantor of another guarantor; and the other that, if it should collect from the guarantors the entire judgment, the respondent would have twenty per cent in excess of the amount of the total guaranty liability without any obligation to refund such excess. It is true that this contract is different in some respects from the usual contract of guaranty, but, unless there is some legal obstacle in the way, it must be enforced according to its terms.

A contract of guaranty is not uncertain in amount merely because it was not known at the time it was made what the ultimate liability would be. If such were the case, continuing guaranties would not be enforcible. When the guaranty under consideration was made, it was with reference to an obligation the amount of which was to be determined when an oven was manufactured and the necessary equipment for it was assembled. That is what the parties understood and contemplated. Each appellant

was content to contract in that manner and agree to guarantee the payment of a specified percentage of whatever the cost of manufacturing the oven and assembling the equipment would be, plus the usual profit of the manufacturer. No valid reason has been given by the appellants why the contract is not enforcible against them according to its terms.

■ Assuming, as do the appellants, for the purpose of this case, but not deciding, as the question is not before us, that contribution cannot be had by a guarantor who pays more than his proportionate part of the judgment, neither the validity of the contract nor its enforcement would be affected. Again, we say it was the kind of contract the parties chose to make, and they must therefore accept the results that have followed.

■ The guarantors also had the legal right to limit their liability to a certain percentage of the unpaid obligation of their principal. The intention of the parties in this respect is very plain. The fact that the total percentage aggregated more than one hundred per cent does not in any way affect the legal liability of the respective guarantors. It was proper for the court to enter judgment against each of the appellants for his or her contractual percentage of the unpaid obligation of the principal, even though such percentages totaled an amount more than the judgment against her. However, the respondent is not entitled to collect more than the amount of the judgment against the principal, with interest and costs and disbursements as the same are taxed against her, and the judgment should be modified so as to provide that it shall be released and discharged of record when the full amount has been collected.

■ Under their fourth assignment of error, the appellants contend that, in any event, their total collective liability should have been based upon the reasonable cost of the oven and equipment instead of the invoice price, and that the court should not have entered judgment until it determined what such reasonable cost was. The authorities cited by appellants in support of the claim each

deal with a continuing guaranty which, in its form, was unlimited either as to time or the amount of the guarantor's liability, and it was held that, taking into consideration the language of the guaranty and all the circumstances of the case, the parties intended that the time or amount, as the case might be, must be reasonable.

In the contract before us, it was provided " . . . We each agree to pay to you an amount equal to the percentage of the total unpaid cost of the oven and equipment as set opposite our names; . . ." It is our opinion that, in using the word "cost," all parties meant and contemplated the *actual* cost of manufacturing the oven and procuring the equipment not handled by respondent, and, there being no statement of facts before us, we must assume that the court determined upon evidence what the actual cost was.

We have not cited any authorities in support of the legal principles we have applied to the facts of this case, for the reason they are all elementary, and the case is one of those in which the facts themselves speak the law applicable. If the appellants collectively, with the defendant guarantor not appealing, are protected against paying more than the judgment against their principal, we think they will have been accorded all of their legal rights.

The case is remanded to the lower court for entry of an amended or supplemental judgment providing that, when the full amount of the judgment against the principal has been paid, it shall be released and discharged of record. In all other respects, the judgment is affirmed.

The respondent will recover its costs and disbursements in this court.

SIMPSON, C. J., BEALS, STEINERT, and JEFFERS, JJ., concur.